IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEVEN R. SWORDS, <br> No. 32701, <br>     Plaintiff, <br> <br> v. <br> <br> LAWRENCE W. DANIEL, et al., <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 <br> <br> <br> CIVIL ACTION NO. <br> 1:10-CV-2632-TWT |

### ORDER AND OPINION

Steven R. Swords is in pre-trial detention in Douglas County. Proceeding *pro se*, Swords filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [1] and requested permission to proceed *in forma pauperis* [2]. Swords is suing his court-appointed defense counsel, the prosecutor, and the judge presiding over his criminal case. For the reasons set forth below, Swords' complaint must be dismissed.

Because Swords is proceeding *pro se*, this Court construes his complaint liberally. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Swords alleges that "appointed counsel has done nothing to effectively represent me" [1 at 3]. Swords complained "via letters" to the judge and prosecutor "but to no avail" [*id*. at 4]. Swords states that "every time I discovered something new, the

state D.A. . . . would counter it pre-trial . . . so it would not be heard before a jury" [*id.*]. Swords alleges that "[i]t's been as if my attorney . . . has been feeding them every law they have violated so the[y] could fix it, or every hole in the said victim's story so they could go back and re-indict me with that part out" [*id.*]. Swords therefore concludes that his defense attorney, the prosecutor, and the judge are "in collusion together" [*id.*].

Swords demands that his defense attorney, the prosecutor, and the judge be (1) disbarred, (2) ordered collectively to pay $1,000,000 to Georgia's "indigent defense fund," and (3) ordered collectively to pay $1,000,000 in "punitive damage[s] to me personally" [*id.*].

Because Swords' state criminal case is ongoing, dismissal of his federal § 1983 complaint is appropriate as a matter of *Younger* abstention. "Since the beginning of this country's history, Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Exceptions to *Younger* abstention are made in very limited circumstances when (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional

issues can be raised." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 53-54). Swords has proffered no facts – just his own conclusory speculation – indicating that this case ought to be excepted from the application of *Younger* abstention. On the current record, this Court will not interfere with Swords' state criminal case.

Dismissal of this case would be appropriate even if *Younger* abstention did not apply. Swords has sued his own defense attorney, the prosecutor, and the state judge presiding over the case. A defense attorney ordinarily is not subject to suit under § 1983 because he "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Vermont v. Brillon*, 129 S. Ct. 1283, 1291 (2009). "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). And state judges are entitled to absolute immunity from § 1983 suits unless they act in the "clear absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Swords has pled no facts

3

that suggest that his defense attorney is a proper party in this § 1983 case or that the prosecutor and state judge are not clearly entitled to absolute immunity.[1]

For the foregoing reasons, Swords' complaint [1] is **DISMISSED**. Solely for the purpose of dismissal, Swords' request for permission to proceed *in forma pauperis* [2] is **GRANTED**.

**IT IS SO ORDERED**, this 13 day of September, 2010.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Although Swords speculates that his defense counsel, the prosecutor, and judge are "in collusion together" [1 at 4], "[i]t is the conclusory nature of [Swords'] allegations . . . that disentitles them to the presumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

4